**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STRATA SKIN SCIENCES, INC.** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No 24-4138** |
| | : | |
| **LASEROPTEK AMERICA CORP.** *et al.* | : | |

**McHUGH, J.**                                                                           **April 14, 2026**

**MEMORANDUM**

This is an action alleging unfair competition in which Plaintiff Strata Skin Sciences, Inc. moved for a preliminary injunction at the inception of the case. In November of 2024, with the motion fully briefed and a hearing imminent, the parties entered into a joint stipulation that, among other things, restricted Defendants from making false or misleading statements regarding both parties' lasers, as well as making claims that use of Defendants' lasers was reimbursable under specific billing codes. In practical terms, the Defendants agreed to the relief Plaintiff sought. Defendants now move to vacate part of that stipulation, which Plaintiff not only opposes, but seeks to enforce with a still-pending cross motion for civil contempt. Because Defendants fail to make the showing required to back out of their earlier commitment, the motion to vacate will be denied.

**I.       Relevant background[1]**

Plaintiff filed the original complaint in this case on August 12, 2024, and shortly thereafter filed a Motion for Preliminary Injunction. *See* ECF 10. Before I could rule on that motion, the parties submitted the Joint Stipulation ("Stipulation"), which included a withdrawal of the preliminary injunction motion. *See* ECF 37. I approved the Stipulation at the parties' request on

---

[1] For a more fulsome factual background of this litigation, see *Strata Skin Scis., Inc. v. LaserOptek Am. Corp.*, No. 24-cv-4138, 2026 WL 181486, at *1–2 (E.D. Pa. Jan. 21, 2026).

November 7, 2024. *See* Stipulation, ECF 39. Defendants seek to vacate the Stipulation's third and fourth paragraphs. Paragraph 3 reads:

> Until further order of this Court, Defendants Laseroptek and The Pinnacle Health Group ("Pinnacle"), their employees, agents, sales representatives, distributors, officers, directors, and all those acting at their direction shall not engage in any sales, advertising, marketing or promotion of Laseroptek's Pallas lasers that states or implies, directly or indirectly, that treatments with Pallas laser systems are reimbursable using CPT Codes 96920-96922.

The CPT Codes and reimbursement eligibility are at the heart of this litigation.[2] Strata alleges that because the Code descriptors for laser treatment of psoriasis specifically says "*[e]xcimer* laser treatment for psoriasis*," SAC ¶ 23 (emphasis added), treatment with Laseroptek's non-excimer lasers are ineligible for reimbursement.

> Paragraph 4 reads:

> Until further order of this Court, Defendants Laseroptek and Pinnacle, their employees, agents, sales representatives, distributors, officers, directors, and all those acting at their direction shall not engage in any sales, advertising, marketing or promotion of Laseroptek's Pallas lasers in the United States that includes any false or misleading statements regarding the Pallas lasers or Strata Skin Science Inc.'s ("Strata's") lasers.

> Vacating these paragraphs would render the Stipulation essentially meaningless.

## II.    Standard of Review

A court retains discretion to end or alter a stipulation "in exceptional circumstances," where necessary to "prevent a manifest injustice." *Waldorf v. Shuta*, 142 F.3d 601, 617 (3d Cir. 1998) (citation omitted). In the Third Circuit, courts are directed to weigh several factors to determine "manifest injustice": "(1) the effect of the stipulation on the party seeking to withdraw the stipulation; (2) the effect on the other parties to the litigation; (3) the occurrence of intervening

---

[2] "CPT codes are five-digit, procedure-specific codes maintained by the American Medical Association used for reporting medical services and surgical procedures to third-party payers." *McCann v. Unum Provident*, 907 F.3d 130, 136 n.8 (3d Cir. 2018)

events since the parties agreed to the stipulation; and (4) whether evidence contrary to the stipulation is substantial." *Id.* at 617–18 (citations omitted).

### III.    Discussion

Stipulations are encouraged to promote judicial economy. *Waldorf*, 142 F.3d at 616. "[V]alid stipulations entered into freely and fairly, and approved by the court, should not be lightly set aside." *Id.* (citation omitted). As an initial matter, the parties negotiated the Stipulation at issue and entered into it of their own volition. "The parties met, conferred, and reached an agreement that resulted in Strata's withdrawal of the PI Motion. The parties memorialized their agreement in a joint stipulation filed on November 7, 2024 . . . ." Mot. to Vacate at 2, ECF 96. At no point has there been any suggestion to the contrary, and the agreement was reached after full briefing on the preliminary injunction with a hearing, when the parties would have understood the relative strengths and weaknesses of their respective positions.

### A.  Whether intervening events and substantial evidence justify relief

Defendants assert that intervening events undermine the basis of the Stipulation and therefore warrant their withdrawal under the third *Waldorf* factor, *see id.* at 8–9, and  further contend that these same developments suffice to show "substantial contrary evidence" under the fourth factor. *Id.*

First, in February 2025, the CPT Editorial Panel revised the Laser Codes by changing the descriptor from "[e]xcimer laser treatment" to "[l]aser treatment, 308-312 nanometer wavelengths."[3]  Second, the AMA's Vice President of CPT Coding and Payment, Zachary Hochstetler, gave a deposition in which he testified that it is up to doctors to decide under which

---

[3] Defendants also include several other "intervening" events related to this change. *See* Mot. to Vacate at 8. I do not view the application to edit the Codes or the denial of Strata's subsequent motion for reconsideration as separate events. They are merely steps in the same code revision process.

codes to submit to the insurance company for payment, and up to  insurance companies to decide whether to reimburse.  *See* Hochstetler Dep. at 103:17–23, 113:12–22, ECF 96-6.

I do not consider either of these events especially compelling in finding manifest injustice. First, the change in the CPT Code guidance does not go into effect until January 2027.  *See id.* at 243:3–6.  The Codes currently in effect are identical to those in place when the parties entered into the Stipulation.  Second, the AMA witness' explanation of billing discretion is hardly a revelation. Within the marketplace of medical services, it is simply a fact that that insurers can choose to approve "off-label" uses of medications or devices.  That does not change the official status of the device, which is at the heart of the dispute in this case.  If even that were a revelation to Laseroptek—something that is hard to accept on the part of a sophisticated device manufacturer— it is by no means an intervening event that represents an exceptional circumstance.

### B.  Effect of the Stipulation on Defendants

Defendants contend that enforcing the Stipulation is unfairly prejudicial. Mot. to Vacate at 9.  They argue that, in its current form, the agreement prevents Defendants from "***truthfully*** responding to Strata's ongoing campaign of incorrect statements about the Laser Codes." *Id.*[4]  As examples of such "incorrect statements about the Laser Codes," Defendants include statements Strata and its agents have made about the Stipulation itself. *Id.* at 2–4.  In a press release, Strata asserted that "[t]he Court ruled in STRATA's favor" and went on to discuss the Stipulation.  Press Release at 1, ECF 96-1.  In that same release, Strata stated that the Court "issued an order partially granting STRATA's motion for preliminary injunction." *Id.*  On an earnings call, Dolev Rafaeli President, CEO, and Vice-Chair of Strata, then described the Stipulation as "an injunction."  Nov.

---

[4] In Defendants' Reply Brief, they argue that their commercial speech is suppressed and claim that the Joint Stipulation "inverts [First Amendment] principles."  Reply Br. at 18.  I view this as rhetoric that does not require specific analysis.

4

13, 2025 Earnings Call Tr. at 5, ECF 96-2.  Finally, in an investor presentation slide deck, Strata claimed that it "was awarded an injunction against LaserOptek."  *See* Dec. 2025 Inv. Presentation at 4, ECF 96-3.

Such statements are ill-advised on Strata's part.  Although in practical terms the Stipulation provided it with the relief it sought by injunction, a stipulation is a voluntary agreement reached by the parties, even when it is approved by the Court.  A stipulation is enforceable, but to characterize it as a ruling is misleading.  Strata is instructed to cease characterizing the Stipulation as an injunction issued by the Court.  But Strata's overreach in its description of the Stipulation does not undermine the validity of the provisions to which the parties agreed.  As of now, the changes in the Codes are not yet in effect.

Defendants also allege that Strata has "taken customers from [Defendants] based on assertions about the Laser Codes that intervening events have proven to be incorrect or, at best, misleading," Mot. to Vacate at 10, but fail to provide examples of any customers Strata has "taken."  In their Reply Brief, Defendants raise a different point: to the degree that Strata makes claims about the CPT Codes to any current or potential owners of Defendants' laser, Defendants claim they are constrained from countering such information.  *See* Reply Br. at 19, ECF 114.  For example, Strata has communicated with at least one purchaser of Defendants' laser, which also purchased a Strata laser, representing  that "the AAD has confirmed that [Strata's laser] is the only excimer system per the descriptor that can legally and ethically bill CPT codes 96920, 96921 and 96922."  *See* Jan. 20, 2026 Email, ECF 114-3.  The use of the adverbs "legally" and "ethically" might be overreach, but Strata's statement otherwise comports with both the literal terms of the Stipulation and the technical status of these particular codes with the AMA at this time.

Defendants wish to disseminate Mr. Hochstetler's testimony about discretionary billing. But the Stipulation extends to any communication that "states or implies, directly or indirectly" that Defendant's lasers are billable under the codes, and as discussed above the discretionary nature of reimbursements by insurance companies would have been within the contemplation of the parties when the Stipulation was negotiated. I cannot view it as a new development rendering the parties' agreement a manifest injustice. Moreover, paragraph 3 of the Stipulation is cast in the present tense, whether the devices currently "are" reimbursable, and paragraph 4 limit its prohibitions to statements that are "false or misleading." On its face the Stipulation does not bar a truthful statement about a future change in eligibility for reimbursement, undercutting Defendants' contention that they are unfairly limited in their ability to clarify the situation. *See* Reply Br. at 19.

Defendants are to some degree prejudiced by elements of the Stipulation, however they are not unjustly so—the burden of the agreement was foreseeable and Defendants voluntarily assented rather than risk a ruling on the motion for a preliminary injunction.

### C. Effects of the Stipulation on Strata

Defendants contend that Strata will not be unfairly impacted by any modification of the Stipulation because the agreement does not limit any statements on Strata's part. Mot. to Vacate at 10. But it would still be prejudiced. A hearing on the motion for preliminary injunction was imminent when Defendants agreed to stipulate to the relief requested. Strata would need to duplicate that preparation to renew its motion long after the fact. And the Court is impacted as well. The Circuit has noted that "[a]llowing parties easily to set aside or modify stipulations would defeat th[eir] purpose, wasting judicial resources and undermining future confidence in such agreements." *Waldorf,* 142 F.3d at 616. At the preliminary injunction stage, the Court invested substantial time in reviewing the merits and deciding whether to hold a hearing, in a case that

requires extensive research into highly technical medical and scientific subjects. That preparation would need to be repeated in an action that has already commanded an extensive amount of judicial time. This represents another compelling reason why "valid stipulations entered into freely and fairly, and approved by the court, should not be lightly set aside." *Id.* (omitting internal quotations).

**IV.    Conclusion**

Because Defendants have not presented the necessary exceptional circumstances, their Motion to Vacate paragraphs three and four of the Stipulation will be denied. An appropriate order follows.

 /s/ Gerald Austin McHugh
United States District Judge
